IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEVERLY ELAINE NELSON          *
    Petitioner                  *

    v.                             *     Civil No. AW-12-cv-1558

ERIC HIMPTON HOLDER, JR., et al.,[1]    *

    Respondents            *
                               ******

**MEMORANDUM**

Beverly Elaine Nelson, a federal detainee housed at the Maryland Correctional Adjustment Center, filed this petition for writ of habeas corpus on February 3, 2012.[2] ECF No. 1. Nelson is awaiting sentencing in *United States v. Nelson*, Criminal No. AW-12-61 (D. Md.), having been found guilty, after a jury trial, of reentry of a deported alien after an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Nelson alleges that she is unlawfully detained, claiming derivative citizenship. Nelson is represented by counsel in her pending criminal case.

The issues have been briefed, and the Court finds oral hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the Petition shall be dismissed.

"It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918). Federal habeas courts will not interfere in pending federal criminal prosecutions where a defendant has available an adequate forum for her

---

[1] Petitioner's Motion to Amend (ECF No. 15) shall be granted. The Clerk shall amend the docket to reflect that Warden Robert A. Koppel is the proper Respondent.

[2] The petition was initially filed in the United States District Court for the District of Columbia and subsequently

claims. "Prudential concerns, such as . . . the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citations and internal quotation marks omitted). "As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (citations and internal quotations omitted). No exceptional circumstances are presented here.  Moreover, the Supreme Court, in *Stack v. Boyle,* 342 U.S. 1 (1951), applied the rule of exhaustion in rejecting a Petitioner's habeas corpus challenge to a district court's bail decision as violative of the Eighth Amendment. The Court held that district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Id*. at 6-7.  Nelson may raise her defenses in the context of her criminal trial,   *See e.g. In re Williams*, 306 Fed Appx. 818 (2009). Further, she has yet to exhaust other available avenues for her claims. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir.1987); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988).

Accordingly, the Petition shall be dismissed.  A separate Order follows.

/s/
Alexander Williams, Jr.
United States District Judge

---

transferred here. ECF No. 2.